# EXHIBIT 3
## TO
"Registration of Judgment
of the United States District Court
for the Eastern District of Virginia
for Enforcement"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
OCT 12 2007
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

OLIVIA RUX, et al.,

Plaintiffs,

v.

Civil Action No. 2:04cv428

THE REPUBLIC OF SUDAN,

Defendant.

## ORDER

Presently before the Court is Plaintiff Timothy P. Sceviour's Amended Petition for Entry of Order Directing the Clerk to Certify Judgment entered in his favor against Defendant, The Republic of Sudan, pursuant to Title 28 of the United States Code, Section 1963. For the reasons stated herein, Plaintiff's petition is **GRANTED** and the Court hereby **ORDERS** the registration of its July 25, 2007 judgment, as amended on August 2, 2007, for enforcement in the Northern District of California, the Western District of North Carolina, and the Southern District of New York.

I.  PROCEDURAL HISTORY

In a Default Judgment entered on July 25, 2007, and amended on August 2, 2007, this Court awarded Plaintiff $7,956,344 as personal representative to the estates of seventeen American sailors who were killed during the October 12, 2000, terrorist bombing of the American warship U.S.S. Cole. Upon evidence adduced at a non-jury trial before this Court on March 13-14, 2007, Sudan was held liable for its provision of material support and resources to Al Qaeda, which enabled the terrorist group to bring about the attack on the U.S.S. Cole. This

Court awarded damages pursuant to the Death on the High Seas Act ("DOHSA") and found that DOHSA provided the exclusive remedy for the wrongful deaths. The Court denied the remaining claims of the 59 individual plaintiffs for damages for loss of consortium, loss of solatium, loss of society, mental anguish and emotional distress, because each of these claims is non-pecuniary in nature and consequently cannot be recovered under DOHSA. The individual plaintiffs filed a Notice of Appeal on August 23, 2007, appealing that portion of the Final Opinion and Order that denied them recovery for intentional infliction of emotional distress. Defendant, The Republic of Sudan, has not appealed any part of the Opinion and Order and the time for appeal has now expired. Nor has the Defendant obtained a stay of execution or filed a supersedes bond pending appeal, pursuant to Rule 62 of the Federal Rules of Civil Procedure. Plaintiff Timothy Sceviour now seeks to execute and collect on the judgment under DOHSA outside of the Eastern District of Virginia and in the Northern District of California, the Western District of North Carolina, and the Southern District of New York..

## II.  PLAINTIFF HAS SHOWN GOOD CAUSE TO REGISTER JUDGMENT

Section 1963 of Title 28 of the United States Code provides that a judgment may be registered for the purpose of enforcement in other districts when "ordered by the court that entered judgment for good cause shown," notwithstanding the pendency of an appeal. Good cause exists upon a "mere showing" that the defendant has substantial property in another district and insufficient property in the rendering district to satisfy the judgment. David D. Siegel, Commentary on 1988 Revision, 28 U.S.C.A. § 1963 (West 1994). See also United States v. D'Elegance Mgmt. Ltd., 217 F.3d 843 (4th Cir. 2000) (affirming registration of judgment where plaintiff stated results of an asset search in his motion to register); Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63 (D.N.J. 1989).

Here, Plaintiff Sceviour stated in his petition to register judgment that Plaintiffs' counsel had been unable to find any assets owned by Defendant in the Eastern District of Virginia. Counsel did, however, identify substantial property in other districts in the form of sums on deposit in bank accounts owned by Defendant. Plaintiff attached to its petition documents from the Office of Foreign Assets Control listing such accounts in the Northern District of California, the Western District of North Carolina, and the Southern District of New York. Plaintiff has thus shown good cause for registering the judgment and this Court hereby **GRANTS** Plaintiff Sceviour's petition and **ORDERS** the registration of its July 25, 2007 judgment, as amended on August 2, 2007, as set forth below:

1. Timothy Sceviour, as personal representative of Kenneth Eugene Clodfelter, in the sum of $498,462 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate from July 25, 2007, until paid in full, for the exclusive benefit of Jennifer Clodfelter (spouse) in the sum of $296,631 plus interest as above set forth, and Noah Clodfelter (son) in the sum of $201,831 plus interest as above set forth;

2. Timothy Sceviour, as personal representative of Richard Costelow, in the sum of $998,336 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate from July 25, 2007 until paid in full, for the exclusive benefit of Sharla Costelow (wife) in the sum of $549,658 plus interest as above set forth, and Ethan Costelow (son) in the sum of $235,309 plus interest as above set forth, and Brady Costelow (son) in the sum of $213,369 plus interest as above set forth;

3. Timothy Sceviour, as personal representative of Lakeina Monique Francis, in the sum

of $209,296 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Ronald Wallace Francis (father) in the sum of $104,648 plus interest as above set forth, and Sandra Annette Francis (mother) in the sum of $104,648 plus interest as above set forth;

4. Timothy Sceviour, personal representative of Timothy Lee Gauna, in the sum of $269,898 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Sarah Gauna Esquival (mother) in the sum of $269,898 plus interest as above set forth;

5. Timothy Sceviour, personal representative of Cherone Louis Gunn, in the sum of $272,620 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Louge Gunn (father) in the sum of $136,310 plus interest as above set forth, and Mona Gunn (mother) in the sum of $136,310 plus interest as above set forth;

6. Timothy Sceviour, personal representative of James Rodrick McDaniels, in the sum of $541,750 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of James Rodrick McDaniels, Jr. (son) in the sum of $329,162 plus interest as above set forth, and Diane McDaniels (mother) in the sum of $212,588 plus interest as above set forth;

7. Timothy Sceviour, personal representative of Marc Ian Nieto, in the sum of $362,411 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-

judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Jesse Leroy Nieto (father) in the sum of $362,411 plus interest as above set forth;

8. Timothy Sceviour, personal representative of Ronald Scott Owens, in the sum of $460,387 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Jamie Owens (wife) in the sum of $271,210 plus interest as above set forth, and Isabella Marie Owens (daughter) in the sum of $189,177 plus interest as above set forth;

9. Timothy Sceviour, personal representative of Lakiba Nicole Palmer, in the sum of $529,376 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Capri Kumar (daughter) in the sum of $267,556 plus interest as above set forth, and Teresa Smith (mother) in the sum of $261,820 plus interest as above set forth;

10. Timothy Sceviour, personal representative of Joshua Langdon Parlett, in the sum of $234,836 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Leroy Parlett (father) in the sum of $117,418 plus interest as above set forth, and Etta Parlett (mother) in the sum of $117,418 plus interest as above set forth;

11. Timothy Sceviour, personal representative of Patrick Howard Roy, in the sum of $234,835 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Kate Brown (mother) in the sum of $234,835 plus interest as above set forth;

12. Timothy Sceviour, personal representative of Kevin Shawn Rux, in the sum of $471,327 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007,

and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Olivia Rux (wife) in the sum of $471,327 plus interest as above set forth;

13. Timothy Sceviour, personal representative of Ronchester Mananga Santiago, in the sum of $315,416 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Rogelio Santiago (father) in the sum of $157,708 plus interest as above set forth, and Simeona Santiago (mother) in the sum of $157,708 plus interest as above set forth;

14. Timothy Sceviour, personal representative of Timothy Lamont Saunders, in the sum of $693,172 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Jacqueline Saunders (wife) in the sum of $368,126 plus interest as above set forth, Isley Gayle Saunders (daughter) in the sum of $147,666 plus interest as above set forth, and Jocelyn Tiera Saunders (daughter) in the sum of $177,380 plus interest as above set forth;

15. Timothy Sceviour, personal representative of Gary Graham Swenchonis, in the sum of $283,550 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Gary G. Swenchonis (father) in the sum of $141,175 plus interest as above set forth, and Deborah Swenchonis (mother) in the sum of $142,375 plus interest as above set forth;

16. Timothy Sceviour, personal representative of Andrew Triplett, in the sum of $1,273,694 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the

exclusive benefit of Lorrie D. Triplett (wife) in the sum of $781,465 plus interest as above set forth, Andrea Triplett (daughter) in the sum of $220,561 plus interest as above set forth, and Savannah R. Triplett (daughter) in the sum of $271,668 plus interest as above set forth;

17. Timothy Sceviour, personal representative of Craig Brian Wibberly, in the sum of $306,978 plus interest at eight (8) percent per annum from October 12, 2000, to July 25, 2007, and post-judgment interest at the applicable post-judgment federal rate until paid in full, for the exclusive benefit of Thomas Wibberly (father) in the sum of $153,489 plus interest as above set forth, and Patricia Wibberly (mother) in the sum of $153,489 plus interest as above set forth.

The judgments against Defendant Republic of Sudan total $7,956,344 plus interest as stated above.

The Clerk of the Court is **DIRECTED** to fax and forward copies of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

October //, 2007

Norfolk, Virginia

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY_____
DEPUTY CLERK