# EXHIBIT 4
## TO
"Registration of Judgment of the United States District Court for the Eastern District of Virginia for Enforcement"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| OLIVIA RUX, et al. ) | Case No. 3:07-mc-00127 |
| ) | |
| Plaintiffs, ) | (USDC E.D. Va. No. 2:04cv428) |
| ) | |
| vs. ) | **DECLARATION OF** |
| ) | **JOHN T. DANIEL RE ACCRUED** |
| THE REPUBLIC OF SUDAN ) | **POST-JUDGMENT INTEREST** |
| ) | |
| Defendant. ) | |
| ) | |

I, John T. Daniel, declare:

1. I am an attorney admitted to practice before this court, and I am one of the attorneys of record for the plaintiffs.

2. In accordance with the Judgment in a Civil Case entered by the United States District Court for the Eastern District of Virginia on July 25, 2007, as amended by that court's Order entered August 2, 2007, the plaintiffs are entitled recover $7,956,344 in damages plus prejudgment interest at the rate of 8 percent per annum from October 12, 2000, to July 25, 2007, for a total recovery of $12,275,860. In addition, plaintiffs submitted a cost bill for recoverable costs of $89,067, a true copy of which is attached as <u>Exhibit 1</u>. (For the sake of brevity, I have omitted 218 pages of receipts that were attached to the cost bill.) Thus, the total amount due on the judgment is $12,364,927.

3. The judgment provides for recovery of post-judgment interest at the federal post-judgment rate of 4.99 percent. Consequently, that post-judgment interest accrues at the rate of $1,690.44 per day. From the date of judgment on July 25, 2007, through today, the total amount of accrued post-judgment interest is thus $145,377.84.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This 19th day of October, 2007.

s/ John T. Daniel
State Bar No. 10848
Counsel for Plaintiffs
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203-4727
Telephone: 704-377-4300
Fax: 704-372-1357
E-mail: jdaniel@essexrichards.com

# EXHIBIT 1

to
"Declaration of John T. Daniel
Re Accrued Post-Judgment Interest"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



Civil Action No. 2:04CV428

OLIVIA RUX, et. al.,

    Plaintiffs,

v.

REPUBLIC OF SUDAN,

    Defendant.

_____/

## PLAINTIFFS' VERIFIED MOTION TO TAX COSTS, BILL OF COSTS, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiffs, by and through its undersigned counsel, and pursuant to Fed.R.Civ.P. Rule 54(d)(1), E.D.Va. Local Rule 54(D) and 28 U.S.C. §1920, hereby moves this Court to tax costs incurred by Plaintiffs and submit their Bill of Costs with incorporated memorandum of law in support thereof.

### Introduction

On July 25, 2007, the Court issued its default judgment in favor the Plaintiffs. Plaintiffs' taxable costs, and incorporated memorandum of law in support thereof, are set forth herein.

### BILL OF COSTS

| | | |
|---|---|---|
| 1. | Depositions (See Schedule A) | $ 9,318.81 |
| 2. | Expert Witnesses (See Schedule B) | $ 31,153.16 |
| 3. | Demonstrative Aids (See Schedule C) | $ 4,647.82 |
| 4. | Court Reporter Fees/Transcripts (See Schedule D) | $ 679.80 |

| | | |
|---|---|---|
| 5. | Translation expenses (See Schedule E) | $ 10,697.00 |
| 6. | Xerox or other Machine reproduced copies (See Schedule F) | $ 21,229.32 |
| 7. | Filing Fees (See Schedule G) | $ 1,780.91 |
| 8. | Miscellaneous Costs (See Schedule H) | $ 9,560.25 |
| **TOTAL** | | **$ 89,067.07** |

{8331\MES0130.1}

## SCHEDULE A - Depositions

| Deponent | Date | Company | Charge |
|---|---|---|---|
| Douglas Farah (videotape) | 02/05/07 | 4IT | $ 332.50 |
| Douglas Farah | 02/27/07 | Klein, Bury & Assoc. | $ 183.34 |
| Lorenzo Vidino (videotape) | 02/28/07 | TransPerfect Translations | $ 365.66 |
| Dr. Manuel Carvajal | 03/09/07 | Klein, Bury & Assoc. | $ 403.20 |
| Dr. Manuel Carvajal (videotape) | 03/13/07 | Klein, Bury & Assoc. | $ 415.00 |
| Dr. Manuel Carvajal | 03/13/07 | Klein, Bury & Assoc. | $ 237.40 |
| Steven Emerson (videotape) | 06/28/07 | TransPerfect Translations | $ 308.40 |
| Jesse Nieto (videotape) | 03/09/07 | TransPerfect Translations | $ 244.76 |
| R. James Woolsey (videotape) | 10/04/05 | Esquire | $ 599.50 |
| R. James Woolsey | 10/04/05 | Esquire | $ 407.45 |
| Multiple Plaintiff families | 07/23/05 | Adams-Harris Court Reporter | $ 824.77 |
| Multiple Plaintiff families | 07/23/05 | Adams-Harris Court Reporter | $ 3,145.86 |
| Santiago Plaintiffs | 01/26/07 | Clanton | $ 366.62 |
| Swenchonis Plaintiffs | 12/28/06 | Clanton | $ 415.10 |
| Costelow, Gauna Plaintiffs | 01/12/07 | Corona | $ 449.25 |
| Kenyon Embry | 04/06/07 | Legal Link | $ 370.00 |
| Triplett Plaintiffs | 01/30/07 | Mississippi Court Reporters | $ 250.00 |
| **TOTAL** | | | **$ 9,318.81** |

The costs of depositions transcripts are properly taxable against the unsuccessful litigant. 28 U.S.C. §1920(2) ("Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case"). They are normally deemed to be necessarily obtained for use in the case, unless the opposing party makes a specific objection that the deposition was improperly taken or unduly prolonged. *LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987); *Board of Directors, Water's Edge v. Anden Group*, 135 F.R.D. 129 (E.D.Va. 1991); *Federal Savings & Loan Ins. Corp. v. Szarabajka*, 330 F.Supp. 1202, 1210 (N.D.Ill. 1971); *Koppinger v. Cullen-Schiltz and Associates*, 513 F.2d 901, 911 (8th Cir. 1975); *Hollenbeck v. Falstaff Brewing Corp.*, 605 F.Supp. 421, 439 (E.D.Mo. 1984). The costs of videotape depositions are also recoverable, as they are "implicitly permit[ted]" under §1920(2). *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 448 (4th Cir. 1999). *See also Tilton v. Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997). When a deposition is noticed that is to

be recorded both by stenographic and non-stenographic means, and no objection is raised to the method of recordation, it is appropriate to award the costs of the deposition in the manner noticed. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-465 (11th Cir. 1996).

All of the depositions set forth above are of either the several Plaintiffs or the Plaintiffs' expert witnesses in this case. They were essential for preparation for trial and served a useful purpose. All of the Plaintiffs' depositions were entered into evidence without objection, and many of the Plaintiffs testified solely through their depositions. All of the expert witnesses except for Lorenzo Vidino, who testified live as well as by deposition, testified at trial via their depositions, and each deposition was essential in preparing the Plaintiffs' case for trial. Accordingly, the depositions listed above were all necessarily obtained for use in the case and are properly taxable costs.

## SCHEDULE B - Expert Witnesses

**Dr. Manuel J. Carvajal, Ph.D.**     $175/hr

| Service | Date | Time | Fee |
|---|---|---|---|
| Retainer | 08/10/05 | | $ 10,000.00 |
| Conference | 1/26/07 | 3.0 | $ 525.00 |
| Research | 1/31/07 | 1.5 | $ 262.50 |
| Research | 2/03/07 | 1.5 | $ 262.50 |
| Research | 2/05/07 | 2.0 | $ 350.00 |
| Research | 2/06/07 | 2.0 | $ 350.00 |
| Research | 2/09/07 | 1.0 | $ 175.00 |
| Research | 2/10/07 | 3.5 | $ 612.50 |
| Research | 2/11/07 | 3.0 | $ 525.00 |
| Research | 2/12/07 | 6.5 | $ 1,137.50 |
| Research | 2/14/07 | 4.0 | $ 700.00 |
| Research | 2/15/07 | 1.5 | $ 262.50 |
| Research | 2/16/07 | 3.5 | $ 612.50 |
| Research | 2/17/07 | 4.5 | $ 787.50 |
| Research | 2/20/07 | 2.5 | $ 437.50 |
| Research | 2/21/07 | 1.5 | $ 262.50 |
| Research | 2/23/07 | 3.0 | $ 525.00 |
| Research | 2/26/07 | 2.0 | $ 350.00 |
| Research | 2/27/07 | 1.0 | $ 175.00 |
| Research | 3/01/07 | 4.0 | $ 700.00 |
| Research | 3/02/07 | 2.5 | $ 437.50 |
| Research | 3/03/07 | 6.0 | $ 1,050.00 |
| Research | 3/05/07 | 8.5 | $ 1,487.50 |
| Deposition | 3/06/07 | | $ 2,000.00 |
| **TOTAL** | | | **$ 23,987.50** |

**Douglas Farah, IBI Consultants**

| Service | Date | Time | Fee |
|---|---|---|---|
| Testify by Deposition | 02/05/07 | | $ 2,325.66 |
| Professional fee – appear at Woolsey deposition | 09/23/05 | | $ 840.00 |
| **TOTAL** | | | **$ 3,165.66** |

**Lorenzo Vidino**

| Service | Date | Time | Fee |
|---|---|---|---|
| Retainer | | | $4,000.00 |
| Testify by Deposition | 2/07/07 | | |
| Testify at Trial | 3/13/07 | | |
| **TOTAL** | | | **$ 4,000.00** |

{8331\MES0130.1}

## TOTAL FOR EXPERTS $31,153.16

The fees and expenses of experts are recoverable as costs under 28 U.S.C. §1920 in the Court's discretion. *Wuori v. Concannon*, 551 F.Supp. 185, 201 (D.Me. 1982). Expert witness fees are recoverable where the expert's testimony is crucial to the resolution of the issues of the case. *Wilmington v. J.I. Case Co.*, 793 F.2d 909, 924 (8th Cir. 1986). Expert witness fees are "incurred in obtaining discovery...and are normally charged to a client. Accordingly, plaintiffs are awarded such costs." *Meacham v. Knolls Atomic Power Laboratory*, 185 F.Supp.2d 193, 244 (N.D.N.Y. 2002), *affirmed* 381 F.3d 56, *vacated on other grounds* 544 U.S. 957, 125 S.Ct. 1731, 161 L.Ed.2d 596.

Expert witness costs should be taxed and awarded to the Plaintiffs in this case in light of Sudan's staunch refusal to participate in discovery. Sudan's refusal to provide discovery, and refusal to respond to Plaintiffs' Requests for Admissions, forced the Plaintiffs to prove their case through the use of these expert witnesses and incur expenses that may not otherwise have been necessary. The above-referenced fees are related to each expert's trial preparation and trial testimony. The fees of each expert were critical to the Plaintiffs' ability to establish the causal link between Sudan's provision of material support and resources to Al Qaeda and the subsequent terrorist attack on the U.S.S. Cole that caused the deaths of the seventeen sailors forming the basis for this case, especially when considering the uncooperative Defendant. The expert witness fees expended were necessary for the preparation of the Plaintiffs' successful case, and their testimony was crucial in the resolution of the primary issues of this case. Therefore, Plaintiffs' costs in retaining their expert witnesses should be awarded.

## SCHEDULE C -Demonstrative Aids

| Description | Vendor | Charge |
|---|---|---|
| Video Presentation | Tayloe & Associates | $ 3,605.00 |
| A&E Videos | A&E Home Video Tapes | $ 182.17 |
| A&E Videos | A&E Home Video Tapes | $ 24.95 |
| A&E Videos | A&E Home Video Tapes | $ 29.95 |
| Book: *Imperial Hubris* | | $ 26.80 |
| "Inside Sudan: Political Islam, Conflict and Catastrophe" | | $ 16.20 |
| 9/11 Commission Hearings | National Archives Trust Fund | $ 16.00 |
| *U.S. v. Osama bin Laden* Transcript | 7th Dist. Ct. of New York | $ 214.50 |
| Book: *Blood from Stones* | Douglas Farah | $ 125.00 |
| C-Span Interviews | C-SPAN | $ 36.95 |
| Trial Exhibits | Legal Impressions | $370.30 |
| **TOTAL** | | **$ 4,647.82** |

The costs of demonstrative evidence is taxable where, as here, the demonstrative evidence was necessarily obtained for use in the case. 28 U.S.C. §1920(4). Costs associated with video exhibits are taxable as costs if they are necessarily obtained for use in the case. *Board of Directors, Water's Edge v. Anden Group*, 135 F.R.D. at 137-138. Each of the items listed above were used as evidence or exhibits at trial, without Sudan's objection, and were necessarily obtained for use in the case. Therefore, these costs associated with demonstrative aids are taxable costs and recoverable by the Plaintiffs.

## SCHEDULE D - Court Reporter Fees/Transcripts

| Event | Service | Date | Pages | Charge |
|---|---|---|---|---|
| Bench Trial | Transcript (all – two days) | 3/13-14/07 | 206 | $ 679.80 |
| **TOTAL** | | | | **$ 679.80** |

These costs are recoverable pursuant to 28 U.S.C. § 1920(2). The taxable costs are the costs of obtaining the full transcript of the bench trial proceedings which were necessarily obtained for use in the case.

{8331\MES0130.1}

## SCHEDULE E – Translation Expenses

| Vendor | Date | Fee |
|---|---|---|
| Interlingua | 06/14/04 | $ 1,885.00 |
| Interlingua | 08/02/04 | $ 400.00 |
| Interlingua | 09/17/04 | $ 2,000.00 |
| Interlingua | 10/04/04 | $ 450.00 |
| Interlingua | 12/22/04 | $ 340.00 |
| Interlingua | 06/15/05 | $ 635.00 |
| Interlingua | 07/2007 | $ 4,987.00[1] |
| **TOTAL** | | **$ 10,697.00** |

These costs are recoverable pursuant to 28 U.S.C. § 1920(6). The taxable costs are the translation expenses for any documents required by law, rule or order of this Court to be translated for diplomatic service upon Defendant Republic of Sudan. The relevant determination in deciding to allow interpreter's costs is whether the items being translated were reasonably necessary for a proper determination of the issues. *Kaiser Industries Corp. v. McLouth Steel Corp.*, 50 F.R.D. 5, 11 (E.D.Mich. 1970). The interpreter's costs listed above were all necessary for the proper determination of the issues. The costs reflected above were required of the Plaintiffs to properly bring this case forward, to properly serve Sudan with this lawsuit, and to conform to the Orders of this Court. Therefore, all of these interpreter's costs are allowable costs.

---

[1] This cost is the estimate provided for translation of the Court's Opinion and Order, as well as the Judgment Order, as directed by the Court. *See* Opinion and Order at page 51.

{8331\MES0130.1}

## SCHEDULE F -- Xerox or Other Machine Reproduced Copies

| Event | Service | Date | Charge |
|---|---|---|---|
| Preparation for Trial | Ikon Office Solutions Re: Trial Exhibits | 03/12/07 | $ 5,800.33 |
| Preparation for Trial | Legal Impressions Re: Trial Exhibits | 03/12/07 | $ 370.30 |
| Fourth Circuit Brief | Counsel Press | 03/23/07 | $ 1,080.60 |
| Case preparation | In house photocopying[2] | 06/17/02-06/18/07 | $ 12,766.00 |
| Case preparation | In house facsimile[3] | 12/20/02-05/07/07 | $1,000.50 |
| Case preparation | Mail postage | 05/10/04-05/21/07 | $ 170.59 |
| Document certification | United States Dept. of State | 11/03/05 | $ 14.00 |
| Certified Copies | Clerk of Court | 06/17/05 | $ 27.00 |
| **TOTAL** | | | **$ 21,229.32** |

These costs are recoverable pursuant to 28 U.S.C. § 1920(4) ("Fees for exemplification and copies of papers necessarily obtained for use in the case"). The taxable costs are the expenses for copies of papers including trial exhibits and other documents necessarily obtained and used in this case. Copies may be necessarily obtained for use in the case without actually being used at trial, if the prevailing party reasonably believed that it was necessary to copy the papers at issue. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). *See also U.S. for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996); *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991); *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.* 920 F.2d 587, 588 (9th Cir. 1990). In house photocopying is a permitted cost, so long as the rate is reasonable as compared to a commercial rate. *Manley v. City of Chicago*, 236 F.3d 392, 398-399 (7th Cir. 2001); *Kuzma v. IRS*, 821 F.2d 930, 933 (2d Cir. 1987). All of the photocopying costs listed above were incurred in researching and preparing the Plaintiffs' case for trial, preparing trial

---

[2] In house photocopying at a rate of $0.25 per page.
[3] In house facsimile at a rate of $0.25 per page.

exhibits and other documents for use at trial, reproducing documents for review by all co-counsel, and other necessary uses.

Facsimile charges are taxable costs so long as the rate is reasonable and the facsimiles are shown to be reasonably necessary. *Jackson v. Austin*, 267 F.Supp.2d 1059, 1070 (D.Kan. 2003). The facsimile charges listed above were reasonably necessary to transmit documents for review among co-counsel located in Miami, Florida, Rockport, Texas, Houston, Texas and Norfolk, Virginia.

Mail postage is a reasonable cost of litigation and is recoverable. *Kuzma*, 821 F.2d at 933. Costs incurred for obtaining certified copies of documents are allowable as costs when reasonably necessary for use in the case. *Banks v. Chicago Mill & Lumber Co.*, 106 F.Supp. 234, 236 (E.D.Ark. 1950).

## SCHEDULE G - Filing Fees

| Event | Service | Date | Charge |
|---|---|---|---|
| Filing Fee – Complaint | Clerk of Court | 07/16/04 | $ 150.00 |
| Filing Fee – Admission *Pro hac vice* | Clerk of Court | 07/16/04 | $ 150.00 |
| Service of Amendment | Clerk of District Court | 08/05/04 | $ 5.11 |
| Service of Amendment | Clerk of District Court | 10/05/04 | $ 5.80 |
| Diplomatic Service | U.S. Embassy – Khartoum | 12/02/04 | $ 650.00 |
| Diplomatic Service | U.S. Embassy – Khartoum | 12/02/05 | $ 650.00 |
| Filing Fee | Clerk, 4th Cir. Ct. of App. | 10/10/05 | $ 170.00 |
| **TOTAL** | | | **$ 1,780.91** |

These costs are recoverable pursuant to 28 U.S.C. § 1920(1). The taxable costs are the filing fees and service of process fees necessarily incurred by the Plaintiffs in this case. The filing fee for the admissions *pro hac vice* of co-counsel in this case, Andrew Hall, Nelson Jones, III, and James Cooper-Hill, are allowable because they were necessarily incurred. *Burton v. R.J. Reynolds Tobacco Co.*, 395 F.Supp.2d 1065, 1077 (D.Kan. 2005).

## SCHEDULE H – Miscellaneous Costs

| Service | Date | Charge |
|---|---|---|
| Parking | 08/09/05 | $ 3.00 |
| Parking | 02/08/07 | $ 30.00 |
| Parking | 03/14/07 | $ 30.00 |
| Long Distance Telephone Calls | 04/06/02- 08/30/05 | $ 1,128.58 |
| Courier Services – Federal Express[4] | 04/26/05- 06/28/07 | $ 5,189.35 |
| Westlaw Legal Research | 05/31/05- 03/03/07 | $ 3,179.32 |
| **TOTAL** | | **$ 9,560.25** |

Costs incurred for parking are a reasonable cost of litigation and are recoverable. *Kuzma*, 821 F.2d at 933. *See also Meacham*, 185 F.Supp.2d at 244. Long distance telephone charges have been awarded to the successful litigant as well. *See Jackson v. Austin*, 267 F.Supp.2d at 1069-1070; *Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*, 684 F.Supp. 953, 960 (N.D.Ohio 1988). Online legal research costs have been awarded because it "typically saves a significant amount of manual research time." *Jackson v. Austin*, 267 F.Supp.2d at 1070. Each of the expenses listed above were incurred out of necessity in the litigation of this case, and are therefore taxable costs recoverable by the Plaintiffs.

---

[4] See itemization, attached.

{8331\MES0130.1}

## VERIFICATION

The undersigned is an attorney for the Plaintiffs in the matter and does hereby swear and affirm that I have fully reviewed the records and supporting data of this law firm as well as the records provided by all co-counsel and invoices provided by third parties and the costs set forth in this motion are true and correct to the best of my knowledge.

_Mary Jane Hall_
MARY JANE HALL

SWORN TO AND SUBSCRIBED before me this 3rd day of August 2007, by Mary Jane Hall, who is personally known to me or has produced _____ as identification and did take an oath.

NOTARY PUBLIC, _Sandra W. Whiteside_
Print Name: SANDRA W. WHITESIDE
April 30, 2010
My Commission Expires:

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _Valerie A. Ward_
DEPUTY CLERK

{8331\MES0130.1}